40

GORDON, Secretary of Banking of Pennsylvania, v. McCAUGHN, Collector of Internal Revenue.
No. 16684.

District Court, E. D. Pennsylvania.
March 16, 1934.

Harry C. Liebman, of Philadelphia, Pa., for plaintiff.

E. F. McMahon, Sp. Atty. Gen., and Thomas J. Curtin, Asst. U. S. Atty., and Charles D. McAvoy, U. S. Atty., both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a suit to recover an overpayment of corporation income tax for the calendar year 1926. Jury trial was waived and the case tried to the court.

The parties have filed a stipulation covering most of the facts, which may be summarized as follows:

In 1924 the plaintiff was the holder of a note upon which default had been made, and in that year it charged off the sum of $15,000 (part of the face of the note) as a bad debt and took a deduction in that amount upon its income tax return for the year 1924.

On July 30, 1926, the plaintiff received a bond and mortgage in the amount of $13,333.33 in partial settlement of the debt. The mortgage was secured by two properties in Northumberland county and given by the father of the debtor. The plaintiff credited the whole amount of the mortgage to its profit and loss account, treated it as income, and paid an income tax upon it.

However, the mortgage was a subordinate lien, and its actual value on the date it was given was not $13,333.33, but $750.

So far as appears from the record, the personal obligation upon the bond had no value. At any rate the case has been submitted and argued as though that were a conceded fact.

Within two years the plaintiff filed a claim for refund and upon its rejection brought this suit.

The foregoing facts are all conceded by the defendant except the value of the mortgage. That the court has determined. Even upon the value contended for it by the defendant, the fact remains undisputed that the plaintiff made an overpayment of income tax for 1926. The cause of the overpayment was a mistake of fact by the plaintiff as to the amount of income received by it which caused it to file an erroneous return. It is entitled to a refund provided it has taken the proper steps.

The defendant contends that the claim for refund was insufficient. I do not think it was. The defendant seems to assume that the claim was filed on the theory that the bond and mortgage was a bad debt. Of course if it really were a bad debt there could be no recovery, since it was not ascertained worthless and charged off in the year for which it is claimed. But that was not the theory of the claim for refund. The item was headed "Bad Debt Recovery," and it sets forth fully and accurately the facts upon which the claim is made, showing that the credit to profit and loss of the full amount of $13,333.33 made in the year 1926 was erroneous. The refund is therefore claimed not on account of a bad debt, but, just as it states, on account of an erroneous overvaluation of a bad debt recovery.

The claim for refund is sufficient, the facts show an overpayment, and the plaintiff is entitled to recover.

I adopt the stipulated facts and in addition affirm the plaintiff's requests for special findings Nos. 18, 19, 20, 21, and 22, and the stipulation and findings so made will stand as a special verdict. I affirm all the plaintiff's requests for conclusions of law.

I deny the defendant's motion for judgment.

I affirm the defendant's requests for findings of fact Nos. 19 and 20 and deny Nos. 18 and 21. I deny all the defendant's requests for conclusions of law.

Exceptions are allowed to the defendant upon all the foregoing rulings and findings.

Judgment may be entered for the plaintiff in the amount claimed, with interest.