Stanley SHOSTAK, Plaintiff,

v.

UNITED STATES POSTAL SERVICE, et al., Defendants.

Civ. No. 86–0081–P.

United States District Court, D. Maine.

Feb. 12, 1987.

Jane Andrews, Andrews & Gauvreau, Lewiston, Me., for plaintiff.

David R. Collins, Asst. U.S. Atty., Portland, Me., Stuart A. Abramson, U.S. Postal Service, New York City, for defendants.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

GENE CARTER, District Judge.

Plaintiff alleges that he was terminated from his position with the United States Postal Service because of his age. He has

named the Postal Service and four postal supervisors as Defendants. The Defendants have moved to dismiss, arguing that they are not proper parties to the suit, that they are immune from suit, and that the Plaintiff has failed to exhaust his administrative remedies. For the reasons stated below, the Defendants' motion must be denied.

■ The Defendants point to many similarities between the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and argue that because the only proper defendant in a Title VII action against the Postal Service would be the head of the agency, the Postmaster General, the same rule should apply to actions brought under the ADEA. The Court must disagree. Although the two statutes are similar in many respects, they clearly diverge on the issue of remedies. *Compare* 42 U.S.C. § 2000e–16 *with* 29 U.S.C. § 633a. In comparing the ADEA with Title VII, the Court must look not only at their similarities but also at their differences. *See Lorillard v. Pons*, 434 U.S. 575, 583–84, 98 S.Ct. 866, 871–72, 55 L.Ed.2d 40 (1978). Title VII includes a specific requirement that an employee alleging discrimination name the head of the appropriate department, agency, or unit as the defendant. 42 U.S.C. § 2000e–16(c). The ADEA has no such requirement and places no explicit limitation on who can be properly named as a defendant. It does, however, include a requirement of prompt notification of "all persons named ... as prospective defendants in the action." 29 U.S.C. § 633a(d). These words clearly indicate Congress's contemplation that a variety of persons could be named as defendants in a suit under ADEA. The Court

concludes that the Defendants named are proper parties to the suit.

■ Defendants claim that as federal officials, they are entitled to absolute immunity from suit. However, under *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), federal officials are entitled to only qualified immunity unless they are in an exceptional situation in which absolute immunity is essential for the conduct of public business. No such exceptional situation has been shown to exist in this case and, therefore, questions of fact exist as to whether or not Defendants' actions fall within the qualified immunity delineated in *Butz*.

■ Finally, Defendants claim that Plaintiff should be barred from bringing the current suit at this time for failure to exhaust administrative remedies. Under 29 U.S.C. § 633a, a federal employee alleging age discrimination has the option of filing a civil action in a federal district court after giving the Equal Employment Opportunity Commission (EEOC) at least 30 days notice of intent to sue, 29 U.S.C. § 633a(c), (d), or, alternatively, filing a complaint with the EEOC, 29 U.S.C. § 633a(b). The statute includes no specific prohibition against pursuing both avenues at once, nor does it include language such as that found in 42 U.S.C. § 2000e–16(c), allowing a complainant to proceed to district court if no final action has been rendered by the EEOC after 180 days. This has led some courts to conclude that once an employee with an ADEA grievance files for relief with the EEOC, his right to pursue civil remedies is suspended until the EEOC renders a final judgment, no matter how long that takes. *See Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir.1981), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983).[1]

---

1. In *Purtill,* the Third Circuit stated:

Allowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the agency to deal with complaints. All participants would know that at any moment an impatient complainant could take his claim to court and abort the administrative proceedings. Moreover, such a course would unnecessarily bur-

den courts with cases that otherwise might be terminated successfully by mediation and conciliation.

658 F.2d at 138. The Court finds this reasoning unpersuasive. Under the statutory scheme of the ADEA, complainants, if they so desire, are allowed to proceed directly to court after the giving of 30 days notice. If Congress had intended to place a higher priority on mediation

In the current case, the Defendants have excused the Plaintiff from any exhaustion requirement that may exist. In *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976), the Supreme Court held that a requirement of exhaustion of administrative remedies may be nonjurisdictional in the sense that it can be waived by the relevant agency.[2] In the present case, the Defendants have filed a notice of waiver of the defense of "lack of subject matter jurisdiction for failure to exhaust administrative remedies." The issue of subject matter jurisdiction is, of course, nonwaivable; however, the Court does interpret the Defendants' statement as constituting a valid waiver of the issue of failure to exhaust administrative remedies. Accordingly, Defendants' Motion to Dismiss is DENIED.

So ORDERED.

and conciliation than on access to the federal courts, it could have mandated the pursuit of administrative remedies as it did in Title VII. It would be somewhat incongruous if an ADEA complainant, allowed quicker initial access to the courts by statute than a Title VII complainant, were to be stripped of that right indefinitely if he opted to pursue administrative remedies, while a Title VII complainant would be allowed to go to court if no administrative remedy was forthcoming after 180 days.

2. In *Mathews v. Eldridge*, the Supreme Court addressed the exhaustion issue in connection with a statute that on its face bars judicial review of any claim until after a final agency ruling. The relevant portion of 42 U.S.C. § 405(g) provides:

Any individual, *after any final decision of the Secretary* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g) (1982) (emphasis added.) The Supreme Court interpreted the requirement that the Secretary make a final decision as consisting of two elements,

only one of which is purely "jurisdictional" in the sense that it cannot be "waived" by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no "decision" of any type. And some decision by the Secretary is clearly required by statute.

424 U.S. at 328, 96 S.Ct. at 899.

The current case deals with an entirely different statute, which unlike 42 U.S.C. § 405(g) does not on its face require that a claim for benefits be presented to the agency at all. The Court can see no reason, however, why, under *Mathews v. Eldridge*, any exhaustion requirement that might exist would not be waivable by the Postal Service. In *Taylor v. Marsh*, 624 F.Supp. 1042 (D.Mass.1985), another district court in this circuit applied *Mathews v. Eldridge* to 29 U.S.C. § 633(a) and concluded that "a claimant may in some instances be excused from certain elements of administrative exhaustion" and that, in the case before the Court, the "defendant, by his actions, has excused plaintiff from the requirement that he take the final step of appeal to the EEOC." 624 F.Supp. at 1044. This Court concludes that the Defendant could properly waive any existing exhaustion requirement and has in fact done so.