**Donald D. WADE, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary, United States Department of Health and Human Services, Defendant.**

**Civ. No. 87–0099–P.**

United States District Court, D. Maine.

Jan. 14, 1988.

---

**30**

Stephen T. Wade, Skelton, Taintor & Abbott, Auburn, Me., for plaintiff.

David R. Collins, Asst. U.S. Atty., Portland, Me., John F. Aronson, Asst. Regional Counsel, Dept. of Health and Human Services, Boston, Mass., for defendant.

## PROCEDURAL ORDER

GENE CARTER, District Judge.

This matter involves an action brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* Plaintiff was an employee of the United States Department of Health and Human Services (DHHS), Social Security Administration, and he alleges in a complaint filed on March 30, 1987 that he was not selected for a higher grade position as a district manager because of his age.

The Government subsequently filed a motion to dismiss for Plaintiff's failure to exhaust administrative remedies. The Government argued that a federal employee who first files a formal complaint with the Equal Employment Opportunity Commission (EEOC) under section 15(b) of the ADEA, 29 U.S.C. § 633A(b), must exhaust all administrative remedies prior to filing civil action in district court under section 15(c), (d).

Under the ADEA, a federal employee is afforded two alternative avenues of relief for acts of age discrimination. An employee may pursue an administrative remedy by filing a formal complaint with the EEOC and, if relief is denied, the employee may then institute a civil action in federal court. 29 U.S.C. § 633a(b), (c). Alternatively, a federal employee may proceed directly to federal court, provided that the civil suit is commenced within 180 days of the alleged discriminatory act, and provided that the EEOC is given at least thirty days prior notice of the intention to sue. 29 U.S.C. § 633a(d). This Plaintiff pursued both avenues of relief simultaneously, first filing a formal complaint with the EEOC in January 1987, and then filing a civil action in

this Court some sixty days later, in March 1987.

As this Court noted in its prior decision denying Defendant's motion to dismiss, *Wade v. Bowen*, 673 F.Supp. 3, 5 (D.Me.1987), an ADEA claimant who first chooses the alternative of an administrative remedy must ordinarily exhaust that remedy before filing a civil action. *See Castro v. United States*, 775 F.2d 399 (1st Cir. 1985). While holding that section 15, by its terms, did not provide for concurrent federal administrative and federal court jurisdiction, the Court also noted that "[i]t would be inconsistent with the overall purpose of the ADEA, however, to foreclose federal litigation to federal employees who initially seek administrative action, but for whom such action is unreasonably delayed because of internal agency problems." *Wade v. Bowen*, 673 F.Supp. at 6-7. Noting at the time of its order that over ten months had passed since the formal complaint had been filed with the EEOC, the Court chose to stay further proceedings until January 4, 1988 rather than dismiss the complaint outright. The Court requested that Defendant file a report by January 4, 1988, indicating what action had been taken by the EEOC as of that time, and whether any decision had been made or was impending. The Court warned that "[i]f there has been no decision, or none is immediately forthcoming, the Court will then schedule the case for trial."

It has now been over two months since this Court's prior decision and order. It has now been over a year since Plaintiff first filed his age discrimination complaint. There has been ample opportunity for mediation and conciliation. There has been ample opportunity for administrative investigation and resolution. Nevertheless, the Government is unable to provide the Court with one example of *significant* administrative action with regard to Plaintiff's age discrimination complaint. In its report filed with this Court on December 22, 1987, the Government states that the Office of Human Relations of the Department of Health and Human Services (OHR) expects the investigation of the complaint to be

completed by mid-February 1988. The Government further states that an investigative agency was retained to investigate the complaint on June 12, 1987. It is suggested to the Court that part of the reason for the investigative delay is the fact that Plaintiff moved to Florida upon his retirement in June of 1987. This change of address, it is suggested, necessitated the taking of his affidavit by letter of interrogatory rather than in a face-to-face interview. The letter of interrogatory was sent on September 28 and returned on October 2, 1987. It contains exactly ten questions. Other than that single letter of interrogatory, the Government can point to no other administrative action furthering the investigation, much less resolution, of Plaintiff's age discrimination complaint.

While the Court acknowledges that administrative agencies are, for the most part, largely underfunded and undermanned, it can find no justification for the kind of administrative delay and inaction evidenced in this case. The Government is grasping at straws when it suggests that part of the delay may be due to Plaintiff's relocation to Florida upon his retirement. Since the investigative agency retained by OHR is located in Los Angeles, California, it would seem that a letter of interrogatory would have been sent to Plaintiff whether he had moved to Florida or remained in Maine. In any event, the Government has pointed to no other investigative action taken by the agency during the five months it has had to do so.

 The Government has instead argued that because Plaintiff retired on May 27, 1987, the issue of prejudice caused by administrative delay is now moot. It is argued that because the Court's prior decision was based, at least in part, on the premise that unnecessary administrative delay is particularly prejudicial to age discrimination claimants who have relatively fewer productive years left in the work force, the Plaintiff's retirement obviates the need for further concern. Such reasoning is fallacious, at best.

Plaintiff's retirement does not obviate the need for further concern, but rather serves to highlight the need for expeditious processing of age discrimination complaints for older citizens for whom time is of the greatest significance. The fact of Plaintiff's retirement does not serve to retroactively justify the inexcusable delay evidenced in this case. This Court will not deny relief to Plaintiff merely because the administrative agency, by its inaction, has defaulted on its responsibility to provide expeditious resolution. In enacting section 15 of the ADEA, Congress intended to encourage mediation and conciliation, not penalize those who seek that alternative. It was not Congress' intention to irrevocably lure age discrimination claimants into a bureaucratic log jam not of their own making.

 To apply the doctrine of exhaustion of administrative remedies in this case would be to chill the likelihood that future litigants would seek mediation and conciliation through administrative channels. Further, it would condone the type of administrative delay and inaction so clearly evidenced in the papers before the Court. It would be inconsistent with the purpose and intent of the ADEA to deny Plaintiff access to this Court merely because he chose an administrative route that is unable to afford timely resolution due to internal agency inefficiencies and apparent bureaucratic tangles. Given that the EEOC's guidelines require a 180-day period for administrative resolution, this Court views the one-year delay in this case—absent unusual circumstances or significant administrative action—to be clearly unreasonable and unjustifiable.

Accordingly, for the reasons set forth herein, this case will be scheduled for trial and a Scheduling Order shall issue forthwith.

So ORDERED.