**Patricia M. BRENNER, Plaintiff,**

v.

**Jesse BROWN, Secretary of the Department of Veterans Affairs, Defendant.**

No. 92 C 4154.

United States District Court, N.D. Illinois, E.D.

Feb. 8, 1993.

Armand L. Andry, Oak Park, IL, for plaintiff.

Ernest Y. Ling, Asst. U.S. Atty., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiff Patricia Brenner is employed by the Department of Veterans Affairs (the "VA").[1] She alleges that she has suffered discrimination because of her age and retaliation for filing claims of age discrimination. She alleges that, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., she has been disciplined and denied promotional opportunities. Presently pending is defendant's motion to dismiss for failure to exhaust administrative remedies.

In her complaint, plaintiff alleges:

3. On March 13, 1991, Plaintiff, a federal employee, filed a complaint of discrimination. She timely consulted an EEO Counselor, Van Mitchell. On April 3, 1991 the Office of Equal Opportunity of the Department of Veterans Affairs acknowledged receipt of the complaint. On April 10, 1991 the agency acknowledged receipt

---

1. Pursuant to Fed.R.Civ.P. 29(d), Jesse Brown is substituted for Edward Derwinski as the defendant in this case.

of the complaint. On May 30, 1991, the complaint was amended. On June 17, 1991 and November 1, 1991 Plaintiff filed additional charges of retaliation. More than 180 days have passed since the filing of the last complaint. No final agency action has been taken on either complaint. Plaintiff notified the Equal Employment Opportunity [Commission] of her intention to sue under the Age Discrimination in Employment Act.

In her response to the motion to dismiss, plaintiff adds that there were additional complaints filed. She also provides documents to show that, at one point, the agency dismissed her initial complaint, but that the EEOC remanded the proceeding to the agency for further consideration. At the time the present action was filed, it had been more than 180 days since the remand and the agency had yet to issue a decision. It is unnecessary to determine whether the additional facts should be considered. The key fact is that the present lawsuit was filed more than 180 days after any of the alleged complaints were filed with the agency and the agency had not issued a final decision on any of them prior to the filing of the suit. There is nothing in the record that contradicts that allegation, nor anything to indicate that any agency decision has been issued in the approximately seven months since this lawsuit was filed.

In *McGinty v. United States Department of Army*, 900 F.2d 1114, 1116–17 (7th Cir. 1990), the Seventh Circuit held that once an employee initiates age discrimination proceedings with a federal agency, the employee must fully exhaust the administrative remedies before proceeding to federal court. The courts of appeals have split on this issue and the Supreme Court once granted *certiorari* to resolve the split, but left the issue unresolved because the solicitor general declined to argue that exhaustion was required. *See Stevens v. Department of Treasury*, — U.S. —, — – —, 111 S.Ct. 1562, 1568–69, 114 L.Ed.2d 1 (1991).

This court is bound to follow the Seventh Circuit's holding in *McGinty* unless "powerfully convinced that the [Seventh Circuit] would overrule it at the first opportunity." *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123 (7th Cir.1987). *Stevens* does not affect the controlling nature of *McGinty*. *See Stevens*, — U.S. at —, 111 S.Ct. at 1568 ("the rulings in *McGinty*, ..., and any other ruling to the same effect will remain outstanding"). The rationale of *McGinty*, however, relied in part on a regulation that since has been amended. *See McGinty*, 900 F.2d at 1116 & n. 1.[2] Some courts have found the amended regulation supports holding that a complainant may file a civil action before initiated administrative proceedings are completed. *See, e.g., Attwell v. Granger*, 748 F.Supp. 866, 871 (N.D.Ga.1990). *But compare Thompson v. Sullivan*, 1989 WL 27456 *2–3 (N.D.Ill. March 23, 1989). The continuing vitality of *McGinty* need not be resolved. Even assuming the continued validity of *McGinty*, plaintiff's complaint need not be dismissed for failure to exhaust.

Each time plaintiff filed a complaint with the VA, she received a notice of receipt of discrimination complaint which stated the following: "If the VA has not issued a final decision on your complaint within 180 days of the date it was filed, you may file in an appropriate U.S. district court." While that is true of other discrimination complaints, *see* 29 C.F.R. § 1613.281, that rule does not apply to age discrimination complaints. *See* 29 C.F.R. §§ 1613.511, 1613.514 (excluding application of § 1613.281 to age discrimination complaints). *See also Wrenn v. Secretary, Department of Veterans Affairs*, 918 F.2d 1073, 1077–78 (2d Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1625, 113 L.Ed.2d 721 (1991) (describing Title VII and ADEA procedures). It could be argued that the VA should be estopped from claiming exhaustion based on the misinformation it provided regarding the right to file a suit after 180 days. Estoppel against the government, however, is limited. *See generally Heckler v. Community Health Services of Crawford County*,

---

**2.** At the times relevant to *McGinty*, 29 C.F.R. § 1613:513 provided that the agency would continue to process administrative complaints even if a civil action had been filed. That regulation now provides: "The filing of a civil action by an employee or applicant involving a complaint filed under this subpart terminates processing of that complaint."

*Inc.,* 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984). Here, plaintiff was represented by an attorney at the time the suit was filed and it is unlikely to be considered reasonable for the attorney to rely on the incorrect statements in the notices. *See Wade v. Bowen,* 673 F.Supp. 3, 7 n. 6 (D.Me. 1987) (*"Wade I"*). Since not expressly argued, the issue of estoppel need not be resolved, but it is doubtful that the government would be estopped in this case.

The Title VII rule that the plaintiff has a right to bring suit if the agency or EEOC does not act within 180 days does not apply to the present case. The regulations applicable to age complaints, however, still contain a goal of completing proceedings within 180 days. 29 C.F.R. § 1613.220(a).[3] It is especially important to avoid delay in age discrimination cases, where "a delay of one or two years may, in effect, be a denial of relief to older employees who have fewer productive years left in federal employment." *Wade I,* 673 F.Supp. at 7. *McGinty* is distinguishable from the present case in that *McGinty* involved a plaintiff who had received a decision from her agency, but who had declined to complete administrative proceedings by appealing to the EEOC. Here, the plaintiff apparently made a good faith effort to complete agency proceedings, but the agency has failed to act. *McGinty* does not address the question of whether excessive agency delay can excuse full exhaustion. It has been held that, even though full exhaustion is ordinarily required, it will not be required where "the administrative agency, by its inaction, has defaulted on its responsibility to provide expeditious resolution." *Wade v. Bowen,* 677 F.Supp. 29, 31 (D.Me. 1988) (*"Wade II "*). *See also Wade I,* 673 F.Supp. at 7; *Thompson,* 1989 WL 27456 at *3. Those cases will be followed.

The *Wade* cases hold that the 180–day limit of § 1613.220(a) is an appropriate measuring post for determining if the agency has acted expeditiously. *See Wade II,* 677 F.Supp. at 31; *Wade I,* 673 F.Supp. at 7. This is not an adoption of the Title VII right to file suit after 180 days. Instead, each

ADEA case must be considered on its individual facts and circumstances in determining if agency delay has reached the point where exhaustion will no longer be required. There could be situations where delay of less than 180 days is too much and other situations where 180 days have passed, but it is clear that the agency is still proceeding on the case. The 180–day mark is, at best, a presumption of excessive delay.

Here, the agency was failing to act on a number of complaints. The original complaint had been filed more than a year before the lawsuit was filed. In response to defendant's motion to dismiss, plaintiff provided documents also showing the following. On November 5, 1991, the EEOC remanded the case to the VA and, absent an appeal, directed it to "notify the appellant [within 30 days] that [the VA] has accepted the remanded allegations." The agency was to issue a proposed disposition within 150 days thereafter. The agency did not appeal, but also did not provide notice of acceptance to plaintiff. In a letter dated January 27, 1992, an EEOC compliance officer directed the VA to file an implementation report within 20 days. In a March 5, 1992 letter to plaintiff, the compliance officer stated that the agency had made a report and was in the process of complying. Nothing else was heard from the agency, even after plaintiff's counsel informed the EEOC that plaintiff intended to file suit. Plaintiff filed suit on June 25, 1992, almost eight months after the remand. On the allegations before the court, it is held that excessive delay by the VA permitted filing of this civil action prior to a final determination by the VA. *Cf. Wade II, supra.*

IT IS THEREFORE ORDERED that defendant's motion to dismiss [7–1] is denied. The Clerk of the Court is directed to substitute Jesse Brown for defendant Edward Derwinski and so designate on the docket. Defendant shall answer the complaint within 14 days.

---

**3.** Section 1613.220 applies to age claims except to the extent it refers to § 1613.281. *See* 29

C.F.R. §§ 1613.511, 1613.514.