Burnham v. Veterans Affairs          CV-94-662-JD   06/29/95
                UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


Alice N. Burnham

     v.                                   Civil No. 94-662-JD

United States Department of
Veterans Affairs, et al.


                            O R D E R


     Pro se plaintiff Alice N. Burnham brings this civil action

against Jesse Brown, in his capacity as Secretary of the United

States Department of Veterans Affairs; the United States

Department of Veterans Affairs ("DVA"); Eugene Ochocki, Dorothy

Nelson, E. Ruth Snider[1], Harriet Mercuri Redmond, Beverly

Beaulieu, Carol Delafontaine, and Linda Gross ("Manchester VA

employees"); the National Association of Government Employees

("NAGE"); Kenneth Lyons, Katherine McClure, Robert Collins,

Robert LeClair, Joseph Delorey, Paul McCarrick, and Richard

McMeniman ("NAGE employees"); the United States Equal Employment

Opportunity Commission ("EEOC") and Administrative Judge Julie

Procapiow-Todd; and Neal Lawson, assistant general counsel for

the DVA.  The plaintiff asserts claims of age discrimination in

violation of section 15 of the Age Discrimination in Employment

_____

     [1]It is unclear from the documents filed with this court
whether the defendant's name is spelled "Snider" or "Synider".

Act ("ADEA"), 29 U.S.C. § 633a, against all defendants. The plaintiff also alleges that NAGE and the NAGE employees violated her Fifth Amendment right to procedural due process.

Presently before the court are the DVA's motion to dismiss (document no. 22), the Manchester VA employees' motion to dismiss (document no. 9), the EEOC and Procapiow-Todd's motion to dismiss (document no. 19), Lawson's motion to dismiss (document no. 12), and the NAGE employees' motion to dismiss (document no. 28).

Background

The plaintiff, a registered nurse at the Veterans Administration Medical Center ("VAMC") in Manchester, New Hampshire, was terminated from her position on May 29, 1992. On December 29, 1994, she filed in this court a letter to the EEOC, together with a letter addressed to Magistrate Judge William H. Barry, Jr., alleging wrongful termination based on age discrimination and procedural due process violations. The magistrate judge found that the two letters, read together, constituted a complaint, but dismissed the complaint for failure to exhaust administrative remedies. Report and Recommendation of January 23, 1995, Civ. No. 94-662-JD ("Magistrate's Report") at 2. The court granted a motion to reopen on February 8, 1995.

2

The plaintiff sent a copy of the complaint and summons to each of the NAGE employees, with the exception of McMeniman, via certified mail to their place of business in Quincy, Massachusetts. The plaintiff unsuccessfully attempted to serve McMeniman in care of Jane Bartlett, a union representative, at McMeniman's prior place of business at the VAMC. McMeniman had moved to the mid-west at the time of service.

## Discussion

### A. Subject Matter Jurisdiction

In their motions to dismiss, the DVA, Manchester VA employees, EEOC and Procapiow-Todd, and Lawson assert that the court lacks subject matter jurisdiction over the plaintiff's age discrimination claim.

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) challenges the statutory or constitutional power of the court to adjudicate a particular case. 2A James W. Moore et al., Moore's Federal Practice, ¶ 12.07 (2d ed. 1994). As "the organization of the judicial power, the definition and distribution of the subjects of jurisdiction in the federal tribunals, and the modes of their action and authority have been, and of right must be, the work of the legislature," a federal district court has jurisdiction over the

3

subject matter only where such jurisdiction has been expressly granted by Congress. Cary v. Curtis, 44 U.S. 236, 245 (1844). In ruling upon a motion to dismiss for lack of subject matter jurisdiction, "the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

These defendants argue that the head of the appropriate agency is the only proper defendant in a federal age discrimination action. DVA's Motion to Dismiss at 1; Memorandum in Support of the Individual Federal Employee Defendants' Motion to Dismiss at 5-7; Memorandum of Law in Support of Defendant EEOC's Motion to Dismiss at 3-4; Memorandum in Support of the Individual Federal Employee Defendant Neal Lawson's Motion to Dismiss at 4-6. Section 15 of the ADEA provides the exclusive remedy for federal age discrimination actions, Paterson v. Weinberger, 644 F.2d 521, 524-5 (5th Cir. 1981), and preempts alternate means of redressing age discrimination claims by federal employees. Purtill v. Harris, 658 F.2d 134, 137 (3d Cir. 1981), cert. denied, 462 U.S. 1131 (1983).

Because the ADEA and Title VII "share a common purpose, the elimination of discrimination in the workplace," Lavery v. Marsh, 918 F.2d 1022, 1025 (1st Cir. 1990) (citing Oscar Meyer & Co. v. Evans, 441 U.S. 750, 756 (1979)), and because 29 U.S.C. § 633a is

4

patterned directly after 42 U.S.C. § 200e-16 and was intended to be "substantially similar" to it, <u>Lehman v. Nakshian</u>, 453 U.S. 156, 163-164, 167 n.15 (1981) (citing 118 Cong. Rec. 24397 (1972)); <u>Lavery</u>, 918 F.2d at 1025, it follows that "[w]hen a provision of the ADEA can be traced to a complimentary section of Title VII, the two should be construed consistently." <u>Romain v. Shear</u>, 799 F.2d 1416, 1418 (9th Cir. 1986) (citing <u>Oscar Meyer</u>, 441 U.S. at 756), <u>cert. denied</u>, 481 U.S. 1050 (1987). Under Title VII, the only proper defendant in a civil employment discrimination action by a federal employee is "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c); <u>Soto v. United States Postal Serv.</u>, 905 F.2d 537, 539 (1st Cir. 1990), <u>cert. denied</u>, 498 U.S. 1027 (1991). Therefore, the only appropriate defendant in an ADEA action by a federal employee is the head of the appropriate department, agency, or unit. <u>See Honeycutt v. Long</u>, 861 F.2d 1346, 1349 (5th Cir. 1988); <u>Ellis v. United States Postal Serv.</u>, 784 F.2d 835, 838 (7th Cir. 1986); <u>Romain</u>, 799 F.2d at 1418; <u>see also Attwell v. Granger</u>, 748 F. Supp. 866, 873 (N.D. Ga. 1990), <u>aff'd without opinion</u>, 940 F.2d 673 (11th Cir. 1991); <u>Rattner v. Bennett</u>, 701 F. Supp. 7, 9 (D.D.C. 1988); <u>Gillispie v. Helms</u>, 559 F. Supp. 40, 41 (W.D. Mo. 1983). <u>But see Shostack v. United States Postal</u>

<u>Serv.</u>, 655 F. Supp. 764, 765 (D. Me. 1987)[2]. Accordingly, the plaintiff may bring her age discrimination claim only against the Secretary of the DVA. The plaintiff's age discrimination claim is dismissed as to the DVA, Manchester VA employees, EEOC and Procapiow-Todd, and Lawson.

Additionally, although NAGE and the NAGE employees did not assert lack of subject matter jurisdiction as a defense, the court is obligated <u>sua</u> <u>sponte</u> to determine if subject matter jurisdiction exists. 2A <u>Moore's Federal Practice</u>, ¶ 12.07. For the reasons stated above, the plaintiff's age discrimination claim against NAGE and the NAGE employees is also dismissed due to lack of subject matter jurisdiction.

---

[2]There is some disagreement regarding the appropriate defendant in federal age discrimination actions among district courts in this circuit. <u>Compare</u> <u>Parow v. Runyon</u>, Civ. No. 94-251-SD, slip op. at 7, 1995 WL 73343 (D.N.H. Feb. 23, 1995) <u>and</u> <u>Meyer v. Runyon</u>, 869 F. Supp. 70, 76 (D. Mass. 1994) (the only proper defendant in an age discrimination action brought by a federal employee under the ADEA is the head of the agency or department that employs the plaintiff) <u>with</u> <u>Shostack</u>, 655 F. Supp. at 765 (agency head was not the only proper defendant brought by a federal employee under the ADEA). However, the majority of courts interpret the jurisdiction provision of the ADEA as parallel to Title VII.

B. Insufficient Service of Process

The NAGE employees[3] assert that the procedural due process claim against them should be dismissed for improper service of process. See Fed. R. Civ. P. 12(b)(5).[4] They argue that service via certified mail is insufficient under Fed. R. Civ. P. 4(e). Defendants' Motion to Dismiss for Insufficiency of Process Pursuant to Federal Rule of Civil Procedure Rule 12(b)(4) ("NAGE Employees' Motion to Dismiss"), ¶ 7.

Before exercising personal jurisdiction over a defendant, the court must determine whether the procedural requirement of service of a summons has been satisfied. Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Although "personal jurisdiction and service of process are distingishable,

---

[3]The magistrate judge recognized a procedural due process claim contained in pages seven and eight of the plaintiff's letter to the EEOC. These pages refer solely to NAGE and the NAGE employees. See Report and Recommendation of January 23, 1995, Civ. No. 94-662-JD at 2. The court therefore interprets the complaint as alleging due process violations only against NAGE and the NAGE employees. The court does not comment on the viability of this claim.

[4]Defendants seem to have confused a motion to dismiss for insufficiency of process under 12(b)(4) with a motion to dismiss for insufficiency of service of process under 12(b)(5). A motion under rule 12(b)(4) is proper where the defendant asserts that the content of the summons is not in compliance with the provisions of Rule 4(b). In contrast, a motion filed under rule 12(b)(5) is proper where the defendant asserts that the process was not served in the manner provided by Rule 4. 2A Moore's Federal Practice ¶ 12.07.

7

they are closely related since 'service of process is the vehicle by which the court may obtain jurisdiction.'" Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 719-20 n.1 (1st Cir. 1991) (quoting Driver v. Helms, 577 F.2d 147, 155 (1st Cir. 1978)). Thus, in order for a court to exercise jurisdiction over a defendant there must be more than notice and a constitutionally sufficient relationship between the defendant and the forum; there must also be a basis for amenability to service. Omni, 484 U.S. at 104. Service must therefore be grounded on a federal statute or Civil Rule. United Elec., Radio, and Mach. Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1085 (1st Cir. 1992).

Rule 4 of the Federal Rules of Civil Procedure provides that proper service may be effected in any judicial district of the United States by personal delivery to the defendant, by delivery to a person of suitable age at the defendant's dwelling house or usual place of abode, or by delivery to an authorized agent. Fed. R. Civ. P. 4(e)(2). Alternatively, Rule 4 authorizes a plaintiff to effect service by following the law of the state in which the district court is located, or in which service takes place. Fed. R. Civ. P. 4(e)(1).

With the exception of McMeniman, each NAGE employee is located in Massachusetts. NAGE Employees' Motion to Dismiss, ¶ 4. Therefore, the plaintiff could have properly served them

8

pursuant to Rule 4(e)(2); the law of Massachusetts, where service was attempted; or the law of New Hampshire, where the district court is located. McMeniman has moved to an undisclosed state in the mid-west. NAGE Employees' Motion to Dismiss, ¶ 2. Therefore the plaintiff could have properly served him pursuant to Rule 4(e)(2), the law of New Hampshire, or the law of the state in which he is located. Massachusetts allows service by personal delivery to the defendant, by leaving copies of the complaint and summons at the defendant's last and usual place of abode, or by delivery to an authorized agent. Mass. R. Civ. P. 4(d)(1). The New Hampshire long-arm statute allows service upon individuals outside the state by serving the Secretary of State for the State of New Hampshire and sending a copy of the summons and complaint, by registered mail, to the defendant's last known abode or place of business in the state in which the defendant resides. N.H. Rev. Stat. Ann. § 510:4.

The plaintiff's manner of service, delivery by registered mail to the NAGE employees' last known place of business, does not satisfy Rule 4(e)(2), Rule 4(d)(1) of the Massachusetts Rules of Civil Procedure, or Section 510:4 of the New Hampshire Revised Statutes. The NAGE employees are therefore correct in concluding that they were improperly served. See NAGE Employees' Motion to Dismiss, ¶ 7. Even if service of process is technically

incorrect, however, a motion to dismiss will ordinarily be denied with instructions to the plaintiff to properly complete service if the error is easily corrected and no prejudice results. 2A Moore's Federal Practice, ¶ 12.07; Roque v. United States, 857 F.2d 20, 22 (1st Cir. 1988) (dismissal for failure to effect service reversed, since the plaintiff was not directed by the district court to undertake proper service). Given the plaintiff's pro se status, it would be inappropriate to dismiss the complaint for insufficiency of service of process. See Messer v. Lounsbury, Civ. No. 90-522-L, slip op. at 1-2 (D.N.H. Mar. 31, 1991). Accordingly, the NAGE employees' motion to dismiss the plaintiff's due process claim is denied without prejudice. The plaintiff shall properly serve process in compliance with Fed. R. Civ. P. 4 by July 29, 1995.

## Conclusion

For the reasons set forth above, the motions to dismiss the plaintiff's age discrimination claim against the United States Department of Veterans Affairs (document no. 22); Ochocki, Nelson, Snider, Redmond, Beaulieu, Delafontaine, and Gross (document no. 9); United States Equal Employment Opportunity Commission and Procapiow-Todd (document no. 19); and Lawson (document no. 12) are granted. These defendants are no longer

10

parties to this action. The plaintiff's age discrimination claim against the National Association of Government Employees; and Lyons, McClure, Collins, LeClair, Delorey, McCarrick, and McMeniman is dismissed sua sponte. The motion to dismiss plaintiff's procedural due process claim against Lyons, McClure, LeClair, Collins, Delorey, McCarrick, and McMeniman (document no. 28) is denied without prejudice.[5] The plaintiff's motion for clarification (document no. 31) is denied. The plaintiff may review the case file at her convenience.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

June 29, 1995

cc:  Edward F. Morris, Esquire
     Nancy J. Dunham, Esquire
     U.S. Attorney
     Alice N. Burnham, pro se

---

[5]The plaintiff never attempted to serve the National Association of Government Employees. If she intends to do so, it must be done in compliance with Fed. R. Civ. P. 4 by July 29, 1995. Otherwise, the case against the National Association of Government Employees will be dismissed.

11