**Leon S. TAYLOR, Plaintiff,**

v.

**John O. MARSH, Secretary of the Army, Defendant.**

Civ. A. No. 82–3421–K.

United States District Court,
D. Massachusetts.

Dec. 30, 1985.

Krokidas & Bluestein, Boston, Mass., Myles Jacobson, David Weingarten, for plaintiff.

Regional Gen. Counsel, U.S. Dept., of The Army, Boston, Mass., Asst. U.S. Atty., Karen Green, for defendant.

Memorandum and Order

KEETON, District Judge.

Plaintiff brought this action in federal court alleging that defendant had discriminated against him because of his age, in violation of 29 U.S.C. § 633a(a). The action was filed in November 1982. In October 1984, defendant moved to amend his answer and to dismiss. Both the proposed amended answer and the motion to dismiss contend that plaintiff did not exhaust his administrative remedies because he failed to take the final administrative step of appealing the decision of the Director of Equal Opportunity of the Department of the Army to the Equal Employment Opportunity Commission ("EEOC") Board of Review and Appeals.

At the conference held on November 8, 1984, the court stated that it would defer ruling on the motion to dismiss while plaintiff pursued the final administrative step. Defendant agreed to waive any objection of untimeliness in the administrative appeal. Plaintiff thereafter filed his administrative appeal. Because of the considerable time which the administrative appeal will require, however, plaintiff has expressed his wish to go forward with this action, notwithstanding the pending appeal. I must therefore now consider the merits of defendant's argument that the case must be dismissed because plaintiff has failed to exhaust his administrative remedies.

I.

Under 29 U.S.C. § 633a, a federal employee with a complaint of age discrimination may proceed either by filing a civil action in a federal district court after having given the EEOC at least thirty days notice of his or her intent to sue, 29 U.S.C. § 633a(c), § 633a(d), or by filing a com-

plaint with the EEOC, 29 U.S.C. § 633a(b). An employee who has chosen the second alternative still has recourse to a civil action, although the statute does not specify at what stage or after what time he or she may file in district court. *See* 29 U.S.C. § 633a.

In this instance plaintiff chose initially to pursue his administrative remedies. He first filed a formal complaint of discrimination with the Army on March 17, 1981. The United States Army Civilian Appellate Review Agency recommended in August 1981, that the Army deny plaintiff's age discrimination claim. On March 3, 1982, an EEOC examiner held a hearing on plaintiff's claim. He also recommended a finding of no discrimination.

On September 7, 1982, the Director of Equal Employment of the Department of the Army notified plaintiff by letter that he had decided to adopt the recommended finding of the EEOC examiner that there had been no discrimination. The letter continued,

> This letter constitutes the agency's final decision on the matter about which you complained. If you are not satisfied with this decision, your appeal rights are as follows:
>
> a. You may file a civil action in an appropriate United States District Court.
>
> b. You may appeal to the Equal Employment Opportunity Commission within 20 calendar days of receipt of this decision....

After receipt of this decision, plaintiff filed the present action in federal court. In his answer, defendant admitted that "plaintiff has exhausted all administrative procedures required by law." Two years after the commencement of this action, in October 1984, defendant sought to amend his answer to include an allegation that plaintiff had failed to exhaust his administrative remedies. Defendant also moved at that time for dismissal on the basis of non-exhaustion.

## II.

In the context of a statutory scheme other than that under consideration in this case, the Supreme Court held that the exhaustion requirement was comprised of two elements, one "waivable" and one "not waivable." In *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court concluded that § 405 of the Social Security Act required that, in order for a federal court to have subject matter jurisdiction, a claim must have been presented to the Social Security Administration. Because this requirement was jurisdictional, the Court deemed it "non-waivable." 424 U.S. at 328, 96 S.Ct. at 899. The Court concluded that the requirement that all administrative remedies need have been exhausted before an action was filed was, however, not jurisdictional and could be "waived." *Id.*

The instant case involves a different statutory scheme than that considered in *Mathews v. Eldridge*. I conclude, nonetheless, that by analogy the distinction between the waivable and non-waivable elements of exhaustion has some applicability to this case. There is no particular exhaustion requirement explicitly made by 29 U.S.C. § 633a. Courts in attempting to construe consistently the several provisions of that section have assumed that there must be some limit on a complainant's ability to file a civil action where he or she has chosen to begin the administrative process. *See Limongelli v. Postmaster General*, 707 F.2d 368, 373 (9th Cir.1983); *Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir.1981), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983). Nothing in the purposes identified by these courts for imposing such limitations, however, impels the conclusion that there must be complete exhaustion before a civil suit may be filed.

For example, the court in *Purtill v. Harris*, in dismissing an action filed by a plaintiff shortly after he had commenced an administrative complaint, reasoned,

> Allowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the

agency to deal with complaints. All participants would know that at any moment an impatient complainant could take his claim to court and abort the administrative proceedings. Moreover, such a course would unnecessarily burden courts with cases that otherwise might be terminated successfully by mediation and conciliation.

658 F.2d at 138.

The concerns identified in *Purtill* warrant restraining a complainant from filing a civil action before the administrative process which he or she initiated has had an opportunity to reach some resolution. Those concerns do not necessarily require, however, that where the administrative process has resulted in a determination, the determination be tested to the last step of administrative recourse before a judicial resolution is pursued. In the instant case, plaintiff did not abandon the administrative proceedings, but filed in federal court only after he had been informed that the Agency had reached a final decision and that it would be appropriate for plaintiff to so file.

■ I conclude that the purposes of the statute and its scheme of administrative and judicial remedies will not be undermined by a rule that fails to require that every administrative step have been pursued in every instance. I conclude, therefore, that consistently with the purposes of 29 U.S.C. § 633a, a claimant may in some instances be excused from certain elements of administrative exhaustion.

Having concluded that the failure to follow every administrative step is not necessarily fatal to a civil action under § 633a, I conclude further that in this case defendant, by his actions, has excused plaintiff from the requirement that he take the final step of appeal to the EEOC.

In *Mathews v. Eldridge*, the Supreme Court cast the excuse from administrative exhaustion in terms of "waiver." The Court concluded that, in that case, the defendant had waived the exhaustion requirement. At least as applied to this case, however, it is not quite accurate to say that the defendant "waived" the requirement

that plaintiff exhaust his administrative remedies.

A waiver is the intentional relinquishment of a known right. The defendant in this case did not know at the time of the September 7, 1982, letter, or at the time his answer was filed in this action, that plaintiff had failed to exhaust his administrative remedies. Therefore, defendant did not intentionally waive a known right that plaintiff be required to do so. Defendant thus did not "waive" the exhaustion requirement.

The analogy to *Mathews v. Eldridge* is nonetheless apt, however, because defendant by his actions has rendered plaintiff excused from the exhaustion requirement not by "waiver" in the strict sense of "voluntary relinquishment of known right," but by reason of what has been aptly called an "election."

Professor John Ewart in his writings on the distinction between waiver and election identified election as the choice of one of two or more courses each of which has distinct legal consequences. J. Ewart, *Waiver Distributed Among the Departments: Election, Estoppel, Contract, Release*, 7–9, 84–87 (with an Introduction by Roscoe Pound 1917). Having chosen a particular course, a party is then foreclosed from pursuing any other course, even if at the time of his choice the party was not aware of the consequences.

Professor Ewart explained this aspect of election, that a party is bound by the consequences of his choice even though he may not have known them at the time the choice was made, by means of the following example:

> we may take as illustrative ... the case of a landlord who knew that a sub-lease had been executed but was unaware that, for that reason, he had a right to elect to terminate the lease. If under those circumstances he should receive, or demand, or distrain for rent subsequently falling due, he would be held to have elected to continue the tenancy; and his

election would be irreversible notwithstanding his lack of knowledge.

*Id.* at 75. *See also id.* at 85–86.

Although courts have not adopted Professor Ewart's terminology, his observation that waiver has been used in very different senses is apt. Some confusion, which may have affected the course of the present litigation, may be avoided by distinguishing between "waiver" in the sense of "voluntary relinquishment of known right" ("strict waiver") and "waiver" in the sense that Professor Ewart calls "election" ("waiver by election").

■ In this case, the defendant notified plaintiff by letter on September 7, 1982, that a "final decision" had been reached and that he could proceed to federal court. The defendant also admitted in his answer, and did not deny for two years after commencement of the action, that plaintiff had exhausted his administrative remedies. By these acts, defendant "elected" not to require plaintiff to exhaust his administrative remedies even though defendant did not knowingly and intentionally waive the requirement. Having elected not to require exhaustion, defendant is now foreclosed from imposing such a requirement.

### III.

In conclusion, there is no persuasive reason to dismiss the action for failure to exhaust administrative remedies in this case where the Agency has made a determination which it, at least at one time, considered and represented as "final" and where defendant failed to raise any exhaustion problem until two years after the beginning of the action.

It is ORDERED:

Defendant's Motion to Dismiss is denied.