NEW MEDICO ASSOCIATES,
INC., Plaintiff,

v.

Thomas KLEINHENZ and Nicholas
Papp, Defendants.

Civ. A. No. 90–10869–S.

United States District Court,
D. Massachusetts.

Nov. 13, 1990.

Louis A. Rodriques, Sullivan &
Worcester, Boston, Mass., for plaintiff.

Sandra L. Lynch, Foley, Hoag & Eliot,
Boston, Mass., for defendants.

## ORDER ON DEFENDANTS' MOTION TO TRANSFER

SKINNER, District Judge.

■ This is an action to enforce a covenant not to compete and to enjoin the unauthorized use of the plaintiff's alleged trade secrets, and for damages. The plaintiff is a Massachusetts corporation which has its executive offices in Boston. The defendants are two former employees of the plaintiff's Illinois facility. They are both residents of Illinois. They were hired in Illinois, and the alleged breaches of contract occurred in Illinois. Although this court would not otherwise have personal jurisdiction over the defendants, the defendants' employment agreements provided that controversies between the parties would be litigated in the courts of Massachusetts and determined according to Massachusetts law. The objection to personal jurisdiction was waived. Defendants now seek a transfer to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1404(a).

The Supreme Court has recently held that a transfer motion in diversity cases is to be resolved in accordance with federal law. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

> The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as Alabama law might have it) but rather the consideration for which Congress provided in § 1404(a).

487 U.S. at 31, 108 S.Ct. at 2245.

The controlling statute, § 1404(a), provides three criteria for deciding a transfer motion:

1. Convenience of the parties;
2. Convenience of the witnesses; and
3. The interests of justice.

■ Consideration of the convenience of the parties would lead to denial of the

motion, it being equally inconvenient for the plaintiff to try the case in Illinois. The forum-selection clause in the employment contracts, moreover, operates as a waiver of the moving party's claim of inconvenience. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir.1989).

Consideration of the convenience of the witnesses leads to the opposite conclusion. Most of the plaintiff's witnesses are its own employees, who may be expected to respond to their company's call to travel to Illinois at company expense, and the absence of compulsory process will not affect the plaintiff's case. Some of the witnesses listed by the plaintiff appear to be high level executives who could be expected to contribute little to the case beside window dressing. Most of the defendants' witnesses are non-party witnesses, whose testimony could be obtained in Boston only by deposition. Videotape depositions are very useful for expert witnesses, but less so for fact witnesses whose credibility may well be in issue. This consideration would lead to allowance of the motion.

"The interest of justice" is a resounding phrase of celestial vacuity. I suppose it must derive its content from the circumstances of each case, and should include, at least, the facilitation of a rational disposition of the controversy. In this case practically all of the operative evidence, e.g., the nature of plaintiff's operations in Illinois, the nature of the defendants' allegedly competitive activities, the existence of the plaintiff's alleged trade secrets and their alleged appropriation by the defendants will be based on the observation of various witnesses in Illinois. Their corporeal absence from the trial is likely to prejudice the defendants' case. It is also fair to say, on the other hand, that in general the interests of justice are served when parties are held to the obligations of their contracts.

That brings us back to the point where the district court must hatch the egg laid in its nest by the Supreme Court in *Stewart Organization, Inc. v. Ricoh Corp., supra,* and determine what effect should be given to the forum-selection clause in the defendants' employment contracts. The employment contracts were standard form contracts submitted to the defendants for their signature several weeks after they had left their previous jobs and commenced working for the plaintiff. The defendants were instructed to sign and return these forms *"immediately"* [emphasis in the original]. While this circumstance does not render the clause invalid, *Heller Financial, Inc. v. Midwhey Powder Co., Inc., supra* at 1292, it does suggest that less weight should be given to the clause than would be given to a fully negotiated provision.

On balance, it is my opinion that the District Court for the Northern District of Illinois is the more appropriate forum. I recognize that this case is only barely distinguishable from *Shipley Co., Inc. v. Clark,* 728 F.Supp. 818, 823 (D.Mass.1990), in which Judge Tauro came to the opposite conclusion even in the absence of a forum-selection clause. These decisions are preeminently fact sensitive, however, and each case must be dealt with on its own.

Accordingly the motion to transfer is allowed, and the case shall be transferred forthwith to the United States District Court for the Northern District of Illinois.