MAXON ENGINEERING SERVICES, INC., Plaintiff,

v.

UNITED SCIENCES, INC., Defendant.

No. Civ. 98–1861 (JAF).

United States District Court, D. Puerto Rico.

Dec. 28, 1998.

Raul Gonzalez–Toro, San Juan, PR, for plaintiff.

Richard M. Graffam–Rodriguez, McConnell Valdes, San Juan, PR, for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff, Maxon Engineering Services, Inc., a corporation duly organized and existing under the laws of Puerto Rico, is engaged in the sale, marketing, distribution, installation, service, and repair of commercial and industrial electrical and mechanical engineering lines. Plaintiff alleges that Defendant, United Sciences, Inc., a Pennsylvania corporation with its principal place of business in Gibsonia, Pennsylvania, violated the provisions of the Puerto Rico Dealer's Act of 1964 ("Law 75"), 10 L.P.R.A. § 278b–2 (1997), by terminating, without just cause, the International Distributorship Agreement signed between the parties. Plaintiff invokes this court's diversity jurisdiction under 28 U.S.C. § 1332, and brings this cause of action against Defendant pursuant to Law 75 and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A § 5141 (1991). Defendant moves for dismissal due to improper venue pursuant to 28 U.S.C. § 1406(a) or, in the alternative, for a transfer pursuant to 28 U.S.C. § 1404(a). We hold that federal law, specifically 28 U.S.C. § 1404(a), governs the decision to transfer this case to a federal court in Pennsylvania, giving effect to the parties' forum-selection clause in favor of that jurisdiction.

## I.

### Facts

Plaintiff and Defendant entered into an International Distributorship Agreement ("Agreement") on February 29, 1996. Plaintiff was to be the distributor in Puerto Rico for certain industrial products manufactured by Defendant. In June 1997, Defendant terminated the Agreement by replacing Plaintiff as the distributor. Plaintiff brings this cause of action for breach of contract. Defendant moved to dismiss or, in the alternative, to transfer the case to the United States District Court, Western District of Pennsylvania, on the basis that the Agreement contains: (1) a forum-selection clause specifying the District of Pennsylvania as the appropriate forum to resolve disputes concerning the Agreement, and (2) an arbitration clause. Plaintiff responded that: (1) the forum-selection clause is null and void in light of Law 75, and (2) the arbitration clause does not apply. Given the clauses at issue, we begin by discussing transfer of venue.

## II.

### Standard for Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)

Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Federal law, specifically 28 U.S.C. § 1404(a), governs a district court's decision of whether to give effect to parties' forum-selection clause and transfer a case to the court specified in the clause. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 29, 108 S.Ct. 2239 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). A motion to transfer

under section 1404(a) thus calls on the district court to balance a number of case-specific factors. *Stewart*, 487 U.S. at 29, 108 S.Ct. 2239. Such factors include: (1) convenience of the parties; (2) the conveniences of the witnesses; and (3) the relative ease of access to sources of proof. *Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987). The presence of a forum-selection clause is also a "significant factor that figures centrally in the district court's calculus." *Stewart*, 487 U.S. at 29, 108 S.Ct. 2239.

## III.

### *Analysis Under Section 1404(a)*

■ We find that a transfer of venue to the United States District Court for the Western District of Pennsylvania is appropriate. The Agreement at issue contains a forum-selection clause. The language of the forum-selection clause is clear and unambiguous:

> The Construction and performance of this Agreement shall be governed by the laws of the State of Pennsylvania, United States of America. If any provision of this Agreement is held to be invalid or unenforceable, this Agreement shall be considered divisible as to all such provisions and the balance of this agreement shall continue in full force and effect as though such invalid or unenforceable provisions were not included in this Agreement.

The arbitration clause also contains a forum-selection provision which reads in pertinent part:

> The parties agree to submit all disputes, claims, causes of actions and interpretations of this Agreement to the jurisdiction of the Courts of the State of Pennsylvania, United States of America, and Distributor specifically gives its consent to the personal jurisdiction of the Pennsylvania Courts. If the Distributor's country of origin has ratified The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, either party may have a dispute or cause of action determined by binding arbitration, pursuant to the procedure specified in Exhibit "F", if the party seeking arbitration serves written demand for arbitration on the other party not later than twenty days after a claim or action has been filed with the Pennsylvania court.

The parties clearly and unambiguously intended that any disputes arising under the Agreement be settled in the District Court of Pennsylvania. In both the forum-selection and arbitration clauses the Agreement specifies that the courts of the State of Pennsylvania will have jurisdiction over any disputes regarding the Agreement. In addition, the forum-selection provision found in the arbitration clause states that Plaintiff, as distributor, specifically avails itself of the jurisdiction of the District Court of Pennsylvania. Plaintiff has not alleged any fraud or overreaching by the Defendant in the negotiations leading up to or the signing of the contract. We find that the parties freely submitted themselves to the jurisdiction of the District Court of Pennsylvania.

Moreover, we find the venue of the District Court of Pennsylvania more appropriate, in light of the facts alleged by Defendant that: (1) a substantial amount of the performance under the Agreement took place in Pennsylvania; (2) Plaintiff made personal visits to Pennsylvania for training; (3) review of applications for any bids took place in Pennsylvania; (4) all quote reviews for the equipment took place in Pennsylvania; (5) Defendant's personnel in Pennsylvania collected and reviewed the information needed to calibrate the equipment; (6) the equipment was manufactured in Pennsylvania; (7) all brochures involving Plaintiff's sales of Defendant's equipment were made in Pennsylvania by persons/entities located in Pennsylvania; (8) other documents and documentation concerning the equipment are located in Pennsylvania; (9) all technical support related to performance of the installed equipment is located in Pennsylvania; and (10) most of Defendant's witnesses, a majority of the activities covered by the Agreement, and the actual manufacturing process are all located in Pennsylvania.

Plaintiff contends that Law 75 precludes the enforcement of the forum-selection clause. Law 75 reads:

The dealer's contracts referred to in this chapter shall be interpreted pursuant to and ruled by the laws of the Commonwealth of Puerto Rico, and any other stipulation to the contrary shall be void.

Any stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and void.

10 L.P.R.A. § 278b-2 (1997).

In addition, Plaintiff contends that the following factors make Puerto Rico the proper forum to litigate the cause of action (1) Plaintiff's principal place of business is the Commonwealth of Puerto Rico; (2) the distributorship Agreement was signed in Puerto Rico; (3) Plaintiff marketed and promoted Defendant's equipment in Puerto Rico; (4) Plaintiff made proposals to clients in Puerto Rico; (5) Plaintiff assumed all the financial risks and costs of the sales, including but not limited to performance bonds and insurance; (6) Plaintiff appeared at the Puerto Rico Electric Power Authority's bids as exclusive distributor of Defendant, pursuant to the provisions of the Agreement; (7) all sales of Defendant's equipments in the territory specified in the Agreement were made through Plaintiff; and (8) all clients that purchased the equipments through Plaintiff were located in the Commonwealth of Puerto Rico and the United States Virgin Islands.

We deem Plaintiff's arguments unconvincing and find the Supreme Court ruling in *Stewart* to be instructive in this respect. In *Stewart*, 487 U.S. at 29-32, 108 S.Ct. 2239, the Supreme Court held that despite the fact that Alabama state law opposed the enforcement of forum-selection clauses as a matter of public policy, the District Court of Alabama could refuse to apply Alabama law and transfer the case to the District Court of New York in accordance with the forum-selection clause. The Supreme Court further stated that the district court was free to uphold the forum-selection clause because federal law, specifically 28 U.S.C. § 1404(a), governs the district court's decision whether to give effect to parties' forum-selection clauses. *Id.* at 29-32, 108 S.Ct. 2239. We are presented with an analogous situation in the present case. Puerto Rico's Law 75, like Alabama state law, opposes the enforcement of forum-selection clauses. Applying the reasoning in *Stewart* to the facts in the present case, we find that a transfer of this case to the District Court of Pennsylvania is appropriate under federal law, despite Law 75.

The remaining arguments made by Plaintiff are founded in the inconvenience of litigating in Pennsylvania. The mere fact that a forum may be inconvenient to Plaintiff does not make the clause unreasonable, especially since the possibility of inconvenience was known and contemplated at the time of executing the Agreement. *See Banco Popular de Puerto Rico v. Airborne Group PLC*, 882 F.Supp. 1212, 1216 (D.P.R.1995) (citing *Lambert v. Kysar*, 983 F.2d 1110, 1120 (1st Cir. 1993)); *Royal Bed & Spring Co. v. Famossul Industria*, 906 F.2d 45, 49 (1st Cir.1990).

Due to the parties' numerous contacts with Pennsylvania, coupled with the clear and unambiguous language of the forum-selection clause, we find that the case should be transferred to the United States District Court for the Western District of Pennsylvania. Given that we no longer retain jurisdiction over this case, we do not address the other claims at issue, as they are more appropriately decided by the proper forum. Our decision is limited to the transfer pursuant to section 1404(a). The United States District Court for the Western District of Pennsylvania shall determine the merits of the case.

## IV.

### *Conclusion*

In light of the foregoing analysis, defendant's motion to transfer to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) is **GRANTED**. The Clerk of this Court is directed to transfer this action to the United States District Court for the Western District of Pennsylvania.

**IT IS SO ORDERED.**