**HOME PRODUCTS INTERNATIONAL—NORTH AMERICA, INC., Plaintiff**

v.

**PEOPLESOFT USA, INC., Defendant**

**No. CIV. A. 01–10333–REK.**

United States District Court,
D. Massachusetts.

June 15, 2001.

Damon M. Seligson, Holland & Knight LLP, Gordon P. Katz, Holland & Knight, LLP, Boston, MA, for Plaintiff.

John Foskett, Deutsch, Williams, Brooks, DeRensis, Holland & Drachman, Boston, MA, for Defendant.

**Opinion**

KEETON, District Judge.

### I. Matter Pending for Decision

Relevant to the matter pending for decision are the following filings:

(1) Defendant's Motion to Transfer Venue (Docket No. 4, filed March 16, 2001) with Memorandum in Support (Docket No. 5, filed March 16, 2001);

(2) Plaintiff's Memorandum in Opposition (Docket No. 8, filed April 16, 2001) and Affidavit (Docket No. 9, filed April 16, 2001);

(3) Defendant's Motion for Leave to File Reply (Docket No. 10, filed April 26, 2001) with Memorandum in Support (Docket No. 11, filed May 4, 2001); and

(4) Plaintiff's Motion for Leave to File Sur-reply (Docket No. 12, filed May 17, 2001), with Sur-reply Brief in Support (Docket No. 13, filed May 17, 2001).

## II. Background

Plaintiff Home Products International—North America, Inc. ("HPI") is a Delaware corporation with a principal place of business in Illinois and a place of business in Leominster, Massachusetts. HPI is the successor in interest to Tamor Corporation ("Tamor"), a household plastic containers manufacturer located in Leominster, Massachusetts. Defendant PeopleSoft, USA, Inc. ("PeopleSoft") is a California corporation with a principal place of business in Pleasanton, California and a place of business in Waltham, Massachusetts. On March 23, 1998, PeopleSoft entered into a Software License and Services Agreement ("SLSA") with Tamor. This agreement is attached as part of Exhibit A, attached to Notice of Removal, Docket No. 1, filed February 23, 2001. The SLSA included a forum-selection clause stating that "[t]his Agreement is made in and shall be governed by the laws of the State of California, without regard to its choice of law principles. *Venue shall be in San Francisco, California.*" SLSA, Docket No. 1, Ex. A at § 15, ¶ 1 (emphasis added).

The SLSA provided that PeopleSoft "would license software for [Tamor's] use, that [Tamor] would pay [PeopleSoft] license fees, and that [Tamor] would pay [PeopleSoft] an hourly rate for implementation work performed by [PeopleSoft]." Letter by John Foskett, with attached United States District Court for the Northern District of Califor-

nia's Order Denying Defendant's Motion for Transfer of Venue; Vacating Hearing, Docket No. 14, filed June 1, 2001, at 2. The type of software licensed to Tamor was used to assist companies in the management of their human resources, financial, manufacturing, and distribution functions. *See* Defendant's Memorandum in Support of Motion to Transfer Venue, Docket No. 5 at 1. At some point after March 23, 1998, a dispute arose between the parties about the implementation of the licensed software.

The dispute culminated in PeopleSoft's bringing a civil action against Tamor on January 17, 2001 in the United States District Court for the Northern District of California for damages resulting from Tamor's alleged failure to pay fees required by the SLSA and for alleged copyright infringement of People-Soft's software by Tamor.

Nine days later, on January 26, 2001, HPI brought a civil action against PeopleSoft in the Commonwealth of Massachusetts Superior Court, County of Middlesex, for fraud in the inducement of the SLSA and for violations of Massachusetts General Laws, Chapter 93A, § 11. PeopleSoft then removed the action filed by HPI in Massachusetts Superior Court to the United States District Court for the District of Massachusetts.

The action filed by PeopleSoft against Tamor in the San Jose division of the United States District Court for the Northern District of California was transferred to the San Francisco division of the Northern District of California on April 23, 2001, upon People-Soft's motion, where it was reassigned to District Judge Maxine M. Chesney and given Case No. C–01–01662–MMC. *See* Defendant's Reply Memorandum in Support of Its Motion to Transfer, Docket No. 11, Exs. A and B. On May 30, 2001, Judge Chesney issued an order denying HPI's motion for transfer of venue from the Northern District of California to the United States District Court for the District of Massachusetts. *See* Docket No. 14.

Pending before this court is Defendant PeopleSoft's Motion to Transfer Venue of this action from the United States District Court for the District of Massachusetts to

the United States District Court for the Northern District of California.

### III.  Requests for Leave

Defendant's Motion for Leave to File Reply (Docket No. 10) and Plaintiff's Motion for Leave to File Sur-reply (Docket No. 12) are not opposed by either party and are ALLOWED in the Order below.

### IV.  Defendant's Motion to Transfer Venue

### A.  Introduction

Defendant PeopleSoft contends that the present action pending in this court should be transferred to the United States District Court for the Northern District of California, San Francisco division, for the convenience of parties and witnesses and in the interest of justice, under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a).

The transfer of a civil action from one federal district to another is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The decision to transfer a case to a more convenient forum under § 1404(a) is a matter within the discretion of the district court. *See Codex Corp. v. Milgo Electronic Corp.,* 553 F.2d 735, 737 (1st Cir.1977). The district court should resolve a motion to transfer in a diversity case "in accordance with federal law." *New Medico Associates, Inc. v. Kleinhenz,* 750 F.Supp. 1145, 1145 (D.Mass.1990) (citing *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).

Among the special circumstances that are argued as bearing on such a transfer is the fact that the original filing by PeopleSoft in the Northern District of California was in San Jose, rather than San Francisco.

### B.  Defendant's Contentions

Defendant PeopleSoft argues that this removed case should be transferred to the Northern District of California, where PeopleSoft filed its lawsuit against HPI's predecessor in interest on a dispute arising out of the same transaction that is the subject of the dispute now before me. PeopleSoft offers the following grounds for transfer:

> [T]he contract between the parties ... contains a specific forum selection clause which requires that venue of any disputes between them be in San Francisco, California ... HPI has apparently filed its action in Massachusetts on the theory that it has artfully pleaded around the forum selection clause, because PeopleSoft's first-filed California action alleges copyright infringement and breach of contract, while HPI's Massachusetts action alleges that PeopleSoft fraudulently induced it to enter into the contract and violated G.L. c. 93A, Sect. 11 in connection therewith ... [B]ut ... in the First Circuit contract-related tort claims are deemed covered by a forum selection clause which applies to contract disputes.

Defendant's Motion to Transfer Venue, Docket No. 4 at 1–2.

> In the instant matter, the forum selected by the contracting parties is San Francisco, California. For that reason alone, this matter should be transferred to the Northern District of California. Additionally, none of the other factors in the calculus of whether to transfer the case under Section 1404(a) bode against transfer to California and some favor California. In determining whether the convenience of the parties would be served by transfer, courts examine the relative convenience to the parties, including the extent to which witnesses will be able to appear and records can be produced. The mere fact that some witnesses may have to travel, or some records may have to be transported, is not dispositive. Indeed, as in this case, any choice of forum will often necessarily result in one party suffering some degree of inconvenience. Because PeopleSoft's witnesses are located in California, and Tamor's witnesses are located in Illinois and Massachusetts, Massachusetts is no more convenient of a forum for this litigation than California.... Because no factor in the Section 1404(a) calculus points to keeping the case in Massachusetts, the interests of justice and effi-

ciency would be served by transferring this case to the Northern District of California.

Docket No. 5 at 6–7 (internal citations omitted).

PeopleSoft further asserts that an additional factor for consideration is the possibility of consolidating this case "with another pending action by virtue of a transfer" and, as bearing on which district should adjudicate the consolidated action, "which of the parties was the first to file." *Id.* at 7.

## C. Plaintiff's Contentions

Plaintiff HPI contends that PeopleSoft's motion to transfer should be denied because the SLSA was negotiated in Massachusetts, its performance took place in Massachusetts,

> and the witnesses and documents are substantially located in *Massachusetts....* [T]he events leading up to this action, and the events on which California Action is based, substantially, if not entirely, took place in Massachusetts—at the Tamor facility in Leominster, Massachusetts or PeopleSoft's office in Waltham, Massachusetts. Moreover, the witnesses with the most knowledge concerning the negotiations of the agreement, the performance thereof, and the events at issue in the two lawsuits, still work and reside in Massachusetts.

Plaintiff's Memorandum in Opposition to Defendant's Motion to Transfer, Docket No. 8 at 5–6 (emphasis in original). In its Surreply Brief, HPI identifies potential witnesses (from HPI, PeopleSoft, and third parties) that work and reside in Massachusetts.

HPI maintains that PeopleSoft's motion to transfer should be denied because

> the forum selection clause does not unambiguously require all claims to be venued in San Francisco; PeopleSoft, in any event, has waived the purported forum selection clause by filing suit in San Jose, not San Francisco; and transfer of this action to California would seriously inconvenience the parties and witnesses in this

action, and circumvent the interests of justice.

*Id.* at 6–7.

## D. Validity of Forum–Selection Clause

PeopleSoft's main argument in support of a transfer is that HPI's predecessor in interest signed the SLSA that included a forum-selection clause identifying San Francisco as the forum in which venue would lie. People-Soft points to the significance of a forum-selection clause in determining where venue would be most appropriate.

The Supreme Court emphasized in *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), that although a forum-selection clause will be an important component of the determination as to appropriate venue, it is only one factor to be considered under § 1404(a): "Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs." *Id.* The factors listed in § 1404(a), the convenience to parties, witnesses, and the interest of justice, must also be considered in determining the appropriate venue.

HPI contends that the forum-selection clause in the SLSA was ambiguous and did not mandate that suits arising out of the SLSA be litigated exclusively in San Francisco because it did not include exclusivity language or stipulate that "*all* disputes, or *all* claims *relating to* the agreement are to be venued in San Francisco." Docket No. 8 at 11 (emphasis in original). HPI uses the lack of this language both to stress the alleged ambiguity of the forum-selection clause and to assert that HPI's claims, fraud in the inducement and violations of Ch. 93A, sound in tort, not contract, and are not covered by the clause.

■ With regard to any attempt by HPI to circumvent the forum-selection clause by filing contract-related tort claims, I note that the Court of Appeals for the First Circuit has held that it "cannot accept the invitation to reward attempts to evade enforcement of forum selection agreements through artful pleading of [tort] claims in the context of a contract dispute." *Lambert v. Kysar*, 983

F.2d 1110, 1121 (1st Cir.1993) (internal quotation marks omitted). I find that the forum-selection clause applies to the fraud and Ch. 93A claims asserted by HPI.

█ HPI cites a Ninth Circuit case, *Hunt Wesson Foods, Inc. v. Supreme Oil, Co.,* 817 F.2d 75, 77 (9th Cir.1987) (holding that the clause at issue granted jurisdiction, but not exclusive jurisdiction), to demonstrate that the language of a forum-selection clause must be clear and unambiguous to avoid being considered as merely permissive. PeopleSoft contends that the language of the forum-selection clause found in *Hunt Wesson*—"The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract"—is distinguishable from the forum-selection clause in the SLSA. *Id. See* Docket No. 11 at 2. PeopleSoft contends that the SLSA forum-selection clause is more closely analogous to the clauses found to be mandatory and exclusive in *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.,* 106 F.3d 318, 321 (10th Cir.1997) ("jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado") and *Docksider, Ltd. v. Sea Technology, Ltd.,* 875 F.2d 762, 763–64 (9th Cir.1989) ("venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia").

In *Autoridad de Energia Electrica de Puerto Rico v. Ericsson Inc.,* 201 F.3d 15, 18–19 (1st Cir.2000), the Court of Appeals for the First Circuit read the clause at issue in that case, "the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico," as "an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction in other courts." *See also Redondo Construction Corp. v. Banco Exterior de Espana S.A.,* 11 F.3d 3 (1st Cir.1993). The clause in *Ericsson* granted jurisdiction, but did not include exclusivity language. The Court of Appeals for the First Circuit clarified its position in *Silva v. Encyclopedia Britannica, Inc.,* 239 F.3d 385 (1st Cir.2001). In that case, the court stated that its holding in *Ericsson* "did not create a general rule for forum-selection clauses," instead basing its conclusion on the "specific language of the contract at issue." *Id.* at 388. The Court of Appeals for the First Circuit held that in the clause at issue in *Silva* "the word 'must' expresses the parties' intention to make the courts of Illinois the exclusive forum for disputes arising under the contract," and therefore found that the clause was mandatory. *Id.* at 388–89. Although not explicitly establishing exclusivity as the forum-selection clause did in *Lambert,* 983 F.2d at 1112 ("In the event any action is brought to enforce such terms and conditions, venue *shall lie exclusively* in Clark County, Washington.") (emphasis added), the forum-selection clause at issue here stipulates that venue *shall* lie in San Francisco, California, implying exclusivity. The forum-selection clause in the SLSA does not state merely that the parties intend that the San Francisco courts are to have jurisdiction; it says that "venue shall lie in San Francisco." SLSA, Docket No. 1, Ex. A at § 15, ¶ 1.

Considering the unambiguous and exclusive language of the forum-selection clause, I find that the parties' objectively manifested intention was that the forum-selection clause in the SLSA apply to the claims HPI asserts.

## E. Waiver of the Forum–Selection Clause

█ HPI contends that PeopleSoft waived any rights it might have under the SLSA's forum-selection clause when it filed a civil action against Tamor in the San Jose division of the United States District Court for the Northern District of California, rather than in the San Francisco division. Docket No. 8 at 1–2.

HPI further contends that in successfully moving to transfer the action from the San Jose division to the San Francisco division, PeopleSoft "implicitly acknowledged its waiver of the forum selection clause." *Id.* at 12–13.

HPI cites to a decision of a Texas Court of Appeals in support of its argument that a party can waive its right to enforce a forum-selection clause by filing suit in a forum other than that designated in the contract between the parties or their predecessors in interest. *Dart v. Balaam,* 953 S.W.2d 478,

482 (Tex.App.—Fort Worth 1997). In the cited case, however,

> [w]hile the contract between Appellant and Appellee specified that disputes would be submitted to the courts of Vanuatu, neither party sought to enforce that right. Appellee waived his right by filing suit in Australia. Appellant in turn elected to waive his right by making an unconditional appearance . . . .

*Id.* Filing suit in Australia rather than the islands of Vanuatu is a far cry from filing in one division of the same district court in the same country.

A "waiver" in the primary sense is a "voluntary relinquishment of known right." *Taylor v. Marsh*, 624 F.Supp. 1042, 1044 (D.Mass.1985) (distinguishing "waiver" in this primary sense from "waiver" in a second sense, also called "election" rather than "waiver"). In this second sense, the "waiver" (or "election") is a "choice of one of two or more courses each of which has distinct legal consequences." *Id.* This kind of "waiver" (or "election") was explained and placed in context with other related legal jargon in a scholarly classic penned by Professor John Ewart in the second decade of the 20th century. J. Ewart, *Waiver Distributed Among the Departments: Election, Estoppel, Contract, Release*, 7–9, 84–87 (with an Introduction by Roscoe Pound 1917).

"Although courts have not adopted Professor Ewart's terminology, his observation that waiver has been used in very different senses is apt." *Taylor*, 624 F.Supp. at 1045.

In the circumstances of this case, I cannot find on the record before me either a "waiver" in the primary sense or a "waiver" in the second sense of "election."

A closer issue is presented as to whether "waiver" in a third sense of a "use or lose" rule applies here. A classic illustration of the "use or lose" rule is that a party who has the right to object to a court's charge to a jury loses that right by failing to make the objection at the critical moment prescribed by a rule of procedure—after the trial judge's charge is completed and before the jury commences deliberations. *See Scarfo v. Cabletron Sys., Inc.*, 54 F.3d 931, 940 (1st Cir.1995). *See also* Robert E. Keeton, *Judging in the American Legal System* § 14.7.4 at 288 n. 223 (Lexis Law Publishing 1999). "Decisions regarding 'waiver,' 'estoppel,' 'election,' and other grounds for barring consideration of an argument on the merits are developing an increasingly intricate jurisprudence of procedural preclusion." *Id.* at 289.

In the distinctive circumstances of this case, I find that not even in this third sense does "waiver" apply against PeopleSoft because of its attorney's filing of the original complaint in San Jose rather than San Francisco. The very cogent policy arguments that explain why one should lose the right to complain about an error in a trial judge's charge that does not produce a miscarriage of justice on the merits simply do not apply here. HPI has not and cannot show any alleged harm of comparable magnitude from PeopleSoft's being allowed to have this dispute resolved in a United States District Court in San Francisco rather than Boston.

The local procedural rules of the Northern District of California allow a suit to be "commenced within the meaning of FR CivP 3 at any office of the Clerk for this district," N.D. Cal. Civil L.R. 3–2(b), and then "[p]ursuant to the Court's Assignment Plan, [except for types of actions not at issue here] upon initial filing, all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises." N.D. Cal. Civil L.R. 3–2(c). HPI, in the civil action before me, maintains that although the Local Rules allowed PeopleSoft to file in the San Jose division, PeopleSoft was not required to do so, and consequently lost its right to demand strict enforcement of the forum-selection clause. Plaintiff's Surreply Brief in Support of Its Opposition, Docket No. 13 at 3–4. This argument, however, falls far short of the requirements for a finding of "waiver" in any of the senses identified above. PeopleSoft properly moved for and was granted reassignment to the San Francisco division of the Northern District of California, where that case remains consistently with the forum-selection clause of the SLSA.

In refusing to transfer the case filed by PeopleSoft in California to the District of Massachusetts, Judge Chesney declared that:

> [t]he Local Rules allow a party to file an action in any division of this district, *see* Civil L.R. 3–2(b), and provide that the Clerk will then assign the action to the division in which the action arose. *See* Civil L.R. 3–2(c). Here, before any other activity occurred in the case, plaintiff [PeopleSoft] twice sought to have the action assigned to the San Francisco division, thus demonstrating it has not waived its right to rely on the forum selection clause.

Docket No. 14 at 5 n. 2.

I find that HPI has failed to show valid grounds for challenging Judge Chesney's ruling.

## F. Disposition

█ Ordinarily, a strong presumption favors the plaintiff's choice of forum, and the burden of proving that a transfer is warranted is upon the defendant. *Princess House, Inc. v. Lindsey,* 136 F.R.D. 16, 18 (D.Mass. 1991). In determining whether or not to transfer venue, a court must consider several factors, "while bearing in mind the fact that plaintiff's choice of forum is entitled to great weight." *Brookfield Machine, Inc. v. Calbrit Design,* 929 F.Supp. 491, 501 (D.Mass.1996) (internal citations omitted).

Furthermore, "[t]he presence of a forum-selection clause ... will be a significant factor that figures centrally in the district court's calculus." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). One circuit has held that "while courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 880 (3d Cir.1995).

█ With regard to convenience to the parties and their employee-witnesses, the objective circumstances of the record before me strongly support an inference that HPI's predecessor in interest had ample opportunity to reflect on any inconvenience involved in litigating in California before it signed the SLSA. *See Maxon Engineering Services, Inc. v. United Sciences, Inc.,* 34 F.Supp.2d 97, 100 (D.P.R.1998) ("The mere fact that a forum may be inconvenient to Plaintiff does not make the clause unreasonable, especially since the possibility of inconvenience was known and contemplated at the time of executing the Agreement."). Although HPI contends that PeopleSoft is a larger company "much better able to handle the expenses associated with this litigation" and that transfer will increase the expense and inconvenience of the litigation for HPI, this claim is too weak and unsupported to weigh significantly in favor of a ruling against transfer. Docket No. 8 at 14. HPI and PeopleSoft are both sophisticated corporate entities. No evidence in the record before me would support a finding of an overpowering bargaining position, and nothing in the record indicates that HPI's predecessor in interest did not understand and voluntarily choose to make the forum-selection clause a part of the SLSA.

Of the remaining § 1404(a) factors—the convenience of the parties and witnesses, the availability of documents, and the interest of justice—"convenience of the expected witnesses is 'probably the most important factor, and the factor most frequently mentioned.'" *Lindsey,* 136 F.R.D. at 18 (quoting *Brant Point Corp. v. Poetzsch,* 671 F.Supp. 2, 5 (D.Mass.1987)). HPI relies on *Fairview Mach. & Tool Co., Inc. v. Oakbrook International, Inc.,* 56 F.Supp.2d 134, 141 (D.Mass. 1999), and argues accordingly that convenience to the expected witnesses is an important factor in the case now before the court. The court in *Fairview,* however, was not confronted with a forum-selection clause. Also, it considered relevant as "background" the fact that the defendants in that action had recently filed a suit against the plaintiff in the forum to which they desired transfer. *Id.* That opinion supports the proposition that among the remaining factors convenience to the witnesses is paramount, but does not bear on how convenience to witnesses should be weighed against clear terms of a forum-selection clause. The best guidance comes from *Stewart,* which directs district courts to weigh all of the factors identified in § 1404(a), giving careful consideration

to a forum-selection clause where one is present. *See Stewart,* 487 U.S. at 31, 108 S.Ct. 2239 ("The forum-selection clause ... should receive neither dispositive consideration ... nor no consideration ..., but rather the consideration for which Congress provided in § 1404(a).").

HPI has submitted to the court a list of potential witnesses that includes six People-Soft employees, seven HPI employees, and nine third-party witnesses—all located in Massachusetts. Plaintiff's Assented to Motion for Leave to File Sur-reply Brief in Opposition to Motion to Transfer, Docket No. 12, Ex. A, at i-ii. HPI has submitted also an affidavit of HPI's Operations Controller, Laura DaSilva, claiming that

> Tamor's employees who were involved in the decision-making process and the negotiations concerning the software license agreement, and the performance of the HPI–PeopleSoft agreement for the most part, all still live and reside in Massachusetts. ... [T]he demonstration and presentation [of PeopleSoft's software modules] were performed at PeopleSoft's office located at 404 Wyman Street, Waltham, Massachusetts. ... [and after their implementation] Tamor dealt with PeopleSoft, including its technical support staff, who were located at PeopleSoft's Waltham, Massachusetts office ... Tamor's employees, to the best of my knowledge, did not deal with any PeopleSoft employees located at its California offices. [And][a]ll Tamor's documents and materials that concern the software licensed by PeopleSoft, or the performance of the HPI–PeopleSoft Agreement, are located in Massachusetts.

Affidavit of Laura DaSilva, Docket No. 9 at 2–3. PeopleSoft has not submitted like documents, although it stated generally that its witnesses are located in California and that Tamor's witnesses are located in Illinois and Massachusetts. Docket No. 5 at 7. PeopleSoft contends that HPI's evidence of inconvenience fails to prove that HPI's potential witnesses "would be unable to appear in California." Docket No. 11 at 4. Although some witnesses would be inconvenienced by litigating this action in California, some witnesses would also undoubtedly be inconvenienced by litigating this action in Massachusetts. Also, many of the listed witnesses will probably be required to appear in the Northern District of California for PeopleSoft's action against Tamor. Although the convenience of witnesses is an extremely important factor, this showing by HPI is not enough to give this part of the venue calculus more weight than the forum-selection clause to which the parties agreed in the SLSA.

With regard to the third element of § 1404(a), the interest of justice, HPI contends that "litigating this action in San Francisco will unfairly drive up the cost of this suit" (Docket No. 12 at 2) and that the interest of justice is best served by keeping this case in the District of Massachusetts because the action "involves a Massachusetts plaintiff, the application of a Massachusetts public policy statute (G.L. c. 93A), and fundamental common law principles of tort law that this Court is well-equipped to handle." Docket No. 8 at 17. These reasons are submitted in addition to the contention that the "operative facts of the litigation" occurred in Massachusetts (as described above in Ms. Silva's affidavit). Docket No. 9. I do not find these arguments to be persuasive. Nor am I swayed by the fact that a Massachusetts statute is involved. A judge of the Northern District of California is as surely competent to understand the relevant statutes of Massachusetts as is a judge of the United States District Court for the District of Massachusetts to understand any relevant California statutes.

Because the Northern District of California has refused to transfer PeopleSoft's action against Tamor to the District of Massachusetts, both parties will already be devoting their resources and witnesses to litigation in California. Any inconvenience asserted by HPI in litigating in California will be magnified by similar lawsuits occurring on both coasts. Many of the same witnesses will be traveling to California, and many of the same documents will be produced there. It may also be possible to consolidate both cases in the Northern District of California. The Court of Appeals for the First Circuit has indicated that when similar actions are proceeding

**50**

concurrently in different federal courts, it is generally preferable to transfer venue to the forum of the first-filed action. *Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir.1987) ("Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision."). In the present case, PeopleSoft filed its action against Tamor nine days before HPI filed its action against PeopleSoft.

On the record before me, I find in the interest of justice that venue in San Francisco serves the convenience of the witnesses and the parties and that PeopleSoft has demonstrated that transfer of venue under 28 U.S.C. § 1404(a) is appropriate. HPI has failed to demonstrate a compelling reason for keeping this action in Massachusetts. I will order it transferred to the United States District Court for the Northern District of California, San Francisco Division.

ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendant's Motion for Leave to File Reply (Docket No. 10) is ALLOWED.

(2) Plaintiff's Motion for Leave to File Sur-reply (Docket No. 12) is ALLOWED.

(3) Defendant's Motion to Transfer Venue (Docket No. 4) is ALLOWED.

(4) The Clerk is directed to enter forthwith on a separate document an Order transferring this case to the United States District Court for the Northern District of California, San Francisco Division.